

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. N. Whitehurst, Member
Texas Prison Board
P. O. Box No. 1768
Beaumont, Texas

Opinion No. O-7164

Re: (1) Construction of the term "prison
produced food products" contained
in appropriation items for var-
ious positions for the Texas Prison
System.
(2) Whether one person employed by the
Texas Prison System may hold and
draw salary for two positions.

Dear Sir:

We are in receipt of your letters of recent date requesting
the opinion of this department on the above stated matters. We quote
from your letters as follows:

"Under the salary budget of the Texas Prison System certain
employees in the higher brackets are to get in addition to their
salaries 'House, Water, Lights, Fuel, and all Prison Produced
Food Products'.

"My question is, 'Are these employees entitled to all food
products handled through the commissary?' That is, are they
entitled to items such as flour, coffee, spices, condiments, etc.
which are bought from the outside to supply the Prison System.
The question is, 'Are these employees entitled to get such mer-
chandise free of charge?'

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Under the budget of the Texas Prison System detailed amounts
are voted for individual jobs. In other words, instead of having
an over-all total figure to be divided up as the management might
desire each employee is voted a specific amount. I have a question
which I will thank you to answer for me. Can one individual occupy
two positions and draw two salaries at the same time?

"In other words, could one man be:

Assistant General Manager
&
Cotton Classer

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Can one man be:  Executive Secretary
                        &
                  Purchasing Clerk

"Can one man be:  Pharmacist
                        &
                  Medical Supervisor

"Can one man be:  Superintendent of Building Construction
                        &
                  Superintendent of License Plant

"Can one man be:  Mechanic
                        &
                  Livestock Supervisor

"Can one man be:  Assistant General Manager
                        &
                  Livestock Supervisor"

With reference to your question as to whether certain employees are entitled to receive "all food products handled through the Commissary", we refer you to the following appropriation items contained in S.B. 317, Ch. 378, pp. 904-907, Acts of the 49th Leg., 1945:

"TEXAS PRISON SYSTEM

| Salaries | For the Years Ending | |
| --- | --- | --- |
| | August 31, 1946 | August 31, 1947 |
| "1. General manager, with house, water, fuel and lights and prison produced food products. . . . . . . . . . . . . . | $6,000.00 | $6,000.00 |
| "2. Assistant general manager, with house, water, fuel and lights, with prison produced food products . . . . . . . . . | 2,835.00 | 2,835.00 |
| ". . . . . . | | |
| "35. Warden, with house, water, lights, fuel and prison produced food products | 3,300.00 | 3,300.00 |
| ". . . . . . | | |
| "45. Print shop superintendent with house, water, lights, fuel and prison produced food products. . . . . . . . . . | 2,475.00 | 2,475.00 |
| ". . . . . . | | |

Hon. T. N. Whitehurst - Page 3

"Salaries

For the Years Ending
August 31,     August 31,
1946           1947

"52. Superintendent of State Farm Indus-
tries and Central State Farm, with
house, lights, water and fuel and
prison produced food products. . . . .$ 3,150.00     $ 3,150.00

"53. Ten (10) Unit managers, with house,
water, lights, fuel and prison pro-
duced food products, none to exceed
$2,400.00 per year. . . . . . . . . . . 18,844.00     18,844.00

" . . . .

"57. 17 Assistant Unit managers, with house,
water, fuel, lights, and prison pro-
duced food products. (none to exceed
$1,725.00 per year) . . . . . . . . . . .25,461.00     25,461.00

" . . . .

"64. Dog sergeants, none to exceed $1,300.-
00 per year, with house, water, lights,
fuel, and prison produced food products 19,872.00     19,872.00

" . . . . .

"66. Farm stewards, with house, water, fuel,
lights and prison produced food products
none to exceed $1,380.00 per year. . . 22,045.00     22,045.00"
(underscoring ours)

      In view of the plain meaning of the language "prison pro-
duced food products" as used in the above quoted items in the Appro-
priation Act, it is our opinion that the persons holding the positions
above mentioned would be entitled to receive, as part of their compen-
sation, only such food products that have been actually produced by
the State Prison System. You are therefore advised that the term,
"prison produced food products" as used in the above mentioned appro-
priation items would not include such products that have been purchased
from the outside to supply the State Prison System.

      With reference to your questions as to whether one individual
may occupy two positions and draw two salareis at the same time, we call
to your attention the following language contained in Sec. 33 of Art.
XVI of the Constitution of Texas:

Hon. T. N. Whitehurst - Page 4

"The accounting officers of this State shall
neither draw nor pay a warrant upon the Treasury in
favor of any person, for salary or compensation as
agent, officer or appointee, who holds at the same
time any other office or position of honor, trust or
profit, under this State or the United States, except
as prescribed in this Constitution."

In Opinion No. O-2607, a copy of which we enclose here-
with, this department considered the above quoted constitutional
provision as it applies to the holding of two positions under this
State. In that opinion it was held that a state employee could not
receive any salary or compensation from the state while holding two
positions. We call your attention to the following language con-
tained in the above mentioned opinion:

"Considering the broad general purpose intended to
be served by this section of the Constitution, we are of
the opinion that the construction of the term 'appointee'
as meaning and embracing 'employee' is required. The
reasons prompting the adoption of the policy are just as
compelling, and the evil to be averted the same in the
case of the employee of the State who contracts to render
service for salary or compensation, as in the case of the
officer or agent.

"You are therefore advised that if a physician em-
ployed part time by one institution of the state accepts
and holds a similar place in another institution at the
same time, he can not receive a salary or compensation
for either position during the period of time that both
are held."

We note that each of the positions inquired about are
listed in the 1945 Appropriation Act (SlB. 317, Acts 49th Leg.) as
separate positions with a stipulated compensation for each position.
In view of the above mentioned opinion which has been consistently
followed by this department, you are advised that when one individual
holds two positions he cannot receive a salary or compensation for
either position during the period of time that both positions are held.
This holding is applicable to each of the "combinations" of positions
listed in your request with reference to one person holding two posi-
tions and receiving compensation for both positions.

Hon. T. N. Whitehurst - Page 5

　　　　　We trust that the above and foregoing will satisfactorily answer your inquiry.

　　　　　　　　　　　　　　　Yours very truly

　　　　　　　　　　　　　ATTORNEY GENERAL OF TEXAS

APPROVED  MAR 22, 1946

　　　　　　　　　　　　　By _J. A. Ellis_

ATTORNEY GENERAL OF TEXAS

　　　　　　　　　　　　　　J. A. Ellis
　　　　　　　　　　　　　　Assistant

JAE:djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN